UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In Re: | 3:21-cv-1231 (BKS) Lead |
| | 3:21-cv-1238 (BKS) Member |
| WALTER JOSEPH REGAN, | 3:21-cv-1246 (BKS) Member |
| | 3:21-cv-1247 (BKS) Member |
| Debtor. | 3:22-cv-0191 (BKS) Member |

---

WALTER JOSEPH REGAN,

                Appellant,

v.

STEPHANIE HON, et al.,

                Appellees.

---

**Appearances:**

*Appellant pro se:*
Walter Joseph Regan
Ithaca, New York 14851

*For Appellees Stephanie Hon, Henry Hon, and Michele Domres-Hon:*
Kirstin E. Tiffany
The Crossmore Law Office
115 West Green Street
Ithaca, New York 14850

*For Appellee United States Trustee:*
William K. Harrington
United States Trustee for Region 2
Erin P. Champion
U.S. Department of Justice
Office of the United States Trustee
10 Broad Street, Room 105
Utica, New York 13501

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Debtor-Appellant Walter Joseph Regan ("Appellant") brings these appeals pro se from orders of the United States Bankruptcy Court for the Northern District of New York ("Bankruptcy Court") in a Chapter 7 bankruptcy proceeding, *In re Walter Joseph Regan*, No. 18-31694 (Bankr. N.D.N.Y), and an associated adversary proceeding, *Henry Hon and Michele Domres-Hon v. Walter Joseph Regan*, Adv. Proc. 19-50006 (Bankr. N.D.N.Y.). The Court consolidated these appeals into Case No. 21-cv-1231.[1] (Dkt. Nos. 11, 24.) Specifically, Appellant appeals orders of the Bankruptcy Court: denying Appellant's motion to remove the Chapter 7 trustee, (Dkt. No. 1); denying Appellant's motion for a stay of bankruptcy proceedings pending resolution of appeals before this Court and the United States Court of Appeals for the Second Circuit, (Case No. 22-cv-0191, Dkt. No. 1); and granting Appellee Stephanie Hon's motion to lift the automatic stay, (Case No. 21-cv-1247, Dkt. No. 1); as well as orders of the Bankruptcy Court denying Appellant's motions for certification of direct appeal to the Second Circuit of orders of the Bankruptcy Court denying Appellant's motion to remove the Chapter 7 trustee, (Case No. 21-cv-1238, Dkt. No. 1); and granting Appellee Stephanie Hon's motion to lift the automatic stay, (Case No. 21-cv-1246, Dkt. No. 2).

For the reasons below, the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay is affirmed. The remaining appeals are dismissed.

---

[1] Unless otherwise noted, citations to filings refer to the docket of the lead case, Case No. 21-cv-1231. Citations to the docket of the primary bankruptcy proceeding, *In re Walter Joseph Regan*, No. 18-31694 (Bankr. N.D.N.Y), follow the format "(Bankr. Dkt. No. [#])."

## II.    BACKGROUND

On December 6, 2018, Appellant Walter Joseph Regan initiated Chapter 7 bankruptcy proceedings "against the backdrop of a contentious divorce proceeding with . . . [Appellee] Stephanie Hon, who is also a creditor." *Regan v. Hon*, No. 20-cv-0846, 2020 WL 12846934, at *1, 2020 U.S. Dist. LEXIS 261399, at *1 (N.D.N.Y. Oct. 27, 2020). The Bankruptcy Court appointed a Chapter 7 trustee. (Bankr. Dkt. No. 10.) On February 7, 2019, before the Chapter 7 trustee completed assessment of Appellant's estate, Appellee Stephanie Hon moved for relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 in order to expedite the pending divorce proceeding, and the Bankruptcy Court granted relief "except to the extent that such proceeding seeks to determine the division of property that is property of the estate." (Bankr. Dkt. No. 27, at 1–2.) Appellant did not appeal that order.

The Chapter 7 trustee continued the administration and attempted liquidation of Appellant's estate, and on April 11, 2019, Appellee Stephanie Hon's parents, Appellees Henry Hon and Michele Domres-Hon, commenced an adversary proceeding objecting to Appellant's discharge under 11 U.S.C. § 727 due to a dispute over whether money Appellees Henry Hon and Michele Domres-Hon had given Appellant and Appellee Stephanie Hon for purchasing a residence was a gift or a loan. (Bankr. Dkt. No. 36.) On March 26, 2021, after attempted mediation, the Bankruptcy Court granted the Chapter 7 trustee's motion to abandon the estate's interest in the residence at issue in the adversary proceeding. (Bankr. Dkt. No. 94.) The adversary proceeding initiated by Appellees Henry Hon and Michele Domres-Hon is ongoing.

On April 2, 2021, the Chapter 7 trustee filed a "Report of No Distribution" stating that Appellant's estate contained "no property available for distribution from the estate over and above that exempted by law" and that Appellant's estate "has been fully administered." (Bankr. Dkt. text entry dated April 2, 2021.) The Chapter 7 trustee also requested discharge. (*Id.*)

Appellee Stephanie Hon subsequently moved for further relief from the automatic stay imposed pursuant to 11 U.S.C. § 362, and, after briefing and a hearing on September 16, 2021, (Bankr. Dkt. No. 143), the Bankruptcy Court granted relief. (Bankr. Dkt. No. 133, at 2, 11.) During the pendency of the stay-relief motion, Appellant requested the removal of the Chapter 7 trustee, which the Bankruptcy Court denied. (Bankr. Dkt. No. 127, at 1, 10.)

On October 15, 2021, Appellant sought certification of direct appeal to the Second Circuit of the order of the Bankruptcy Court denying removal of the Chapter 7 trustee, which the Bankruptcy Court denied. (Bankr. Dkt. No. 145, at 1, 3.) Appellant filed a notice of appeal of the order of the Bankruptcy Court denying removal of the Chapter 7 trustee, as well as a notice of appeal of the order of the Bankruptcy Court denying certification of direct appeal to the Second Circuit of that order, with this Court. (Dkt. No. 1; Case No. 21-cv-1238, Dkt. No. 1.) Appellant further sought from the Bankruptcy Court certification of direct appeal to the Second Circuit of the order of the Bankruptcy Court granting relief from the automatic stay, which the Bankruptcy Court denied. (Bankr. Dkt. No. 157, at 1, 3.) Appellant filed a notice of appeal of the order of the Bankruptcy Court granting relief from the automatic stay, as well as a notice of appeal of the order of the Bankruptcy Court denying certification of direct appeal to the Second Circuit of that order, with this Court. (Case No. 21-cv-1247, Dkt. No. 1; Case No. 21-cv-1246, Dkt. No. 2.) Appellant also requested that the Court certify direct appeal to the Second Circuit, which the Court denied. (Dkt. No. 13, at 11–12.)

Finally, on November 18, 2021, Appellant requested a stay of bankruptcy proceedings from the Bankruptcy Court pending appeals before this Court and the Second Circuit, which the Bankruptcy Court denied. (Bankr. Dkt. No. 188, at 1, 7.) Appellant filed a notice of appeal of the order of the Bankruptcy Court denying a stay pending appeals with this Court, (Case No. 21-cv-

0191, Dkt. No. 1), and requested a stay directly from the Court, (Case. No. 22-0191, Dkt. No. 5), which the Court denied, *Regan v. Hon (In re Regan)*, No. 21-cv-1231, 2022 WL 1775713, at *3–5, 2022 U.S. Dist. LEXIS 97249, at *7–11 (N.D.N.Y. June 1, 2022). The Court consolidated the five appeals. (Dkt. Nos. 11, 24.)

After an initial scheduling notice on January 13, 2022, (Dkt. No. 14), the Court granted Appellant three extensions for filing his opening brief that ultimately delayed the due date from February 22, 2022, to June 30, 2022. (Dkt. Nos. 22, 25, 33.) Appellant filed a two-page letter on July 1, 2022. (Dkt. No. 35.) The Court construed this letter as Appellant's opening brief. (Dkt. No. 36.) On July 29, 2022, Appellee U.S. Trustee and Appellees Stephanie Hon, Henry Hon, Michele Domres-Hon filed briefs. (Dkt. Nos. 37, 38.) Appellant did not file a reply brief. (Dkt. Nos. 39, 40, 42.)

## III.   DISCUSSION

### A.   **Appellant's Failure to Sufficiently Brief His Appeals**

Federal Rule of Bankruptcy Procedure 8014, which is derived from Federal Rule of Appellate Procedure 28, *see Ehrlich ex rel. Hoffmans Trade Grp. v. Com. Factors of Atlanta*, 567 B.R. 684, 691 (N.D.N.Y. 2017) (citing *Reed v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 552 B.R. 50, 62 (S.D.N.Y. 2015)), governs the contents of appellate briefs in the bankruptcy context. On appeal to a district court from an order of a bankruptcy court, an appellant's opening brief must contain, inter alia, a jurisdictional statement, including citations to application statutory provisions, relevant facts, and "an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's . . . jurisdiction on another basis"; a statement of the issues presented, including a concise statement of the applicable standard of appellate review; a statement of the case, including relevant facts, procedural history, and the rulings presented for review with references to the record; and

argument with citations to authorities. Fed. R. Bankr. P. 8014(a). Failure to comply with Rule 8014 provides adequate grounds for dismissal, and mere reference to previous filings, either from bankruptcy proceedings or the appellate process, is insufficient to satisfy the requirements of Rule 8014. *See Ehrlich*, 567 B.R. at 691–92. Furthermore, failure to adequately brief an issue generally serves as a waiver of that issue. *See Grant v. U.S. Dep't of Def. (In re Grant)*, 778 F. App'x 69, 70 (2d Cir. 2019) (summary order) (holding that an issue not raised on appeal by a pro se bankruptcy appellant is waived and that merely identifying issues is insufficient (first citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); and then citing *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004))); *Miller v. U.S. Tr. (In re English Sheppard Realty Corp.)*, 481 F. App'x 691, 692 (2d. Cir. 2012) (summary order) (holding that an issue not raised on appeal by a pro se bankruptcy appellant is waived (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995))).

      Appellant's two-page letter-brief does not conform to above-cited requirements in Rule 8014(a). It does not include the required jurisdictional statement, which is required by Rule 8014(a)(4) and was specifically requested by the Court, (Dkt. Nos. 14, 20). The letter-brief contains only conclusory allegations and a request for "fairness in review . . . [of] relevant facts, omissions, misstatements, and substantial evidence of conspiracy acts directly involving the appointed Chapter 7 Trustee[] that are clearly on the record but have not been adequately considered." (Dkt. No. 35, at 2.)

      Appellees Stephanie Hon, Henry Hon, and Michele Domres-Hon argue that Appellant's letter-brief "only scarcely addresses the topic of *one* of the five appeals . . . [and] [o]therwise [] neglects to address the four other Decisions and Orders from which he is appealing."[2] (Dkt. No.

---

[2] The topic Appellant appears to address is the removal of the Chapter 7 trustee. (Dkt. No. 35, at 1–2.)

6

38, at 3.) Consequently, these Appellees argue, Appellant has "waived and abandoned said issues" and the Court should not address them. (*Id.* at 4.)

Appellees Stephanie Hon, Henry Hon, and Michele Domres-Hon are correct that Appellant's failure to comply with Rule 8014 provides adequate grounds to dismiss his appeals entirely. *See Ehrlich*, 567 B.R. at 691 (citing *Gazes v. Stephenson (In re Stephenson)*, No. 96-cv-558, 1996 WL 403087, at *1, 1996 U.S. Dist. LEXIS 10003, at *1–2 (S.D.N.Y. July 18, 1996)); *see also Grant*, 778 F. App'x at 70; *Miller*, 481 F. App'x at 692. Appellant has not included any of the necessary components of an appellate brief under Rule 8014(a), and he "cannot raise an issue for appellate review 'merely [by] incorporating by reference an argument presented to the [bankruptcy court],'" *Ehrlich*, 567 B.R. at 691–92 (quoting *Norton*, 145 F.3d at 117), as he appears to attempt. (Dkt. No. 35, at 2.) Even so, the Court will not dismiss the appeals for failure to adequately brief them. While Appellant's letter-brief is clearly not in compliance with Rule 8014, and though no apparent "manifest injustice" would result from the Court resolving these appeals by finding that Appellant has waived all arguments by failing to adequately brief them, *see Shakur*, 391 F.3d at 119, the Court will show "special solicitude" to Appellant in light of his pro se status, *see Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010); *Kodsy v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 15-cv-3307, 2015 WL 4523241, at *2–3, 2015 U.S. Dist. LEXIS 97535, at *8–9 (S.D.N.Y. July 24, 2015), and in light of the Court's prior rulings rejecting Appellant's requests for the appointment of counsel, (Dkt. No. 13); *see also Regan*, 2020 WL 12846934, at *6, 2020 U.S. Dist. LEXIS 261399, at *20. The Court will afford Appellant a "liberal construction" of his letter-brief and "leniency in the enforcement of . . . procedural rules," s*ee Tracy*, 623 F.3d at 101, by considering Appellant's letter-brief in conjunction with his other appellate filings. (Dkt. Nos. 1, 9; Case No. 22-cv-0191,

7

Dkt. Nos. 1, 4; Case No. 21-cv-1247, Dkt. Nos. 1, 7; Case No. 21-cv-1238, Dkt. Nos. 1, 5; Case No. 21-cv-1246, Dkt. Nos. 2, 6.) Thus, the Court will address issues of jurisdiction.

**B.    Jurisdiction over Appeals of Final Orders of the Bankruptcy Court**

In civil litigation generally, a final decision is one "by which a district court disassociates itself from a case." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). A party to a civil suit can typically appeal as of right only from a final decision. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015); *see also* 28 U.S.C. § 1291. This principle, in recognition of the role of district courts in managing ongoing litigation, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009), "precludes 'piecemeal, prejudgment appeals' that would 'undermine[] efficient judicial administration and encroach[] upon the prerogatives of district court judges.'" *Ritzen Grp. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (quoting *Mohawk*, 558 U.S. at 106). Bankruptcy cases, however, "involve[] 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard*, 575 U.S. at 501 (quoting 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)). Therefore, it is "common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending." *Ritzen*, 140 S. Ct. at 586–87. In recognition of this distinct characteristic, United States district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . by bankruptcy judges entered in cases and proceedings . . . under [28 U.S.C. § 157]." 28 U.S.C. § 158(a); *see also Ritzen*, 140 S. Ct. at 586–87. That is to say, the bankruptcy rules authorize appeals not merely from final decisions, but from "final judgments, orders, *and* decrees . . . in cases *and* proceedings." 28 U.S.C. § 158(a) (emphases added). This provision makes "orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case." *Bullard*, 575 U.S. at 501 (quoting *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657 n.3

(2006)); *see also LTV Steel Co. v. United Mine Workers of America (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir. 1990).

To determine whether an order is final, according to recent Supreme Court decisions, a court must first determine "how to define the immediately appealable 'proceeding'" from which the order of the bankruptcy court arises. *See Bullard*, 575 U.S. at 502; *Ritzen*, 140 S. Ct. at 589. Then, with an eye toward finality, the court must consider what effect the order of the bankruptcy court has on that proceeding. *See Bullard*, 575 U.S. at 502–05; *Ritzen*, 140 S. Ct. at 589–91.

In the context of a bankruptcy court order denying confirmation of a Chapter 13 repayment plan, the Supreme Court defined the "immediately appealable 'proceeding'" as "the process of attempting to arrive at an approved plan that would allow the bankruptcy to move forward" as opposed to the process of approving or denying a specific proposed plan, with each new proposal signifying the commencement of a new immediately appealable proceeding. *Bullard*, 575 U.S. at 502. "This is so, first and foremost, because only plan confirmation . . . alters the status quo and fixes the rights and obligations of the parties." *Id.* This position was bolstered by the inclusion of "confirmations of plans" in the statutory list of "core proceedings" of a bankruptcy court. *Bullard*, 575 U.S. at 503 (quoting 28 U.S.C. § 157(b)(2)(L)). The Supreme Court concluded that rejecting a proposed repayment plan does not constitute a final order since the proceeding flows on in the wake of a rejection: "The parties' rights and obligations remain unsettled[,] [t]he trustee continues to collect funds from the debtor . . . [,] [and] [t]he possibility of discharge lives on." *Id.* Thus, a bankruptcy court order denying confirmation is not a final order and is therefore not immediately appealable.[3] *Id.* at 498–99.

---

[3] An order confirming a repayment plan is final and immediately appealable. *Id.* at 502–03.

9

On the other hand, in the context of a bankruptcy court order denying relief from the automatic stay imposed pursuant to 11 U.S.C. § 362, the Supreme Court defined the "immediately appealable 'proceeding'" as the stay-relief adjudication as opposed to the larger process of adjudicating all adversary claims. *Ritzen*, 140 S. Ct. at 589 (quoting *Bullard*, 575 U.S. at 502). The Supreme Court reasoned that the stay-relief adjudication process exists "anterior to, and separate from, claim-resolution proceedings" and "initiates a discrete procedural sequence." *Id.* Once again, this position was bolstered by the inclusion of "motions to terminate, annul, or modify the automatic stay" in the statutory list of "core proceedings" of a bankruptcy court. *See Ritzen,* 140 S. Ct. at 590 (quoting 28 U.S.C. § 157(b)(2)(G)). The Supreme Court indicated that a conclusive ruling on the motion for relief from the automatic stay constituted a final order since it "ended the stay-relief adjudication and left nothing more for the Bankruptcy Court to do in that proceeding." *Ritzen,* 140 S. Ct. at 592. Thus, a bankruptcy court order unreservedly denying or granting relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 yields a final, immediately appealable order. *Ritzen*, 140 S. Ct. at 586.

    **1. The Order of the Bankruptcy Court Granting Appellee Stephanie Hon's Motion to Lift the Automatic Stay**

Appellant appeals the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay. (Case No. 21-cv-1247, Dkt. No. 1.) Neither Appellant nor Appellees briefed the jurisdictional issue raised by this appeal, (Dkt. Nos. 35, 38), despite repeated requests made by the Court, (Dkt. Nos. 14, 20, 36).

"The filing of a bankruptcy petition generally triggers an automatic stay of any judicial proceeding or other act against the property of the debtor's estate that could have been commenced before the filing of the petition." *Caires v. JPMorgan Chase Bank (In re Caires)*, 624 B.R. 322, 327 (D. Conn. 2021) (first citing 11 U.S.C. § 362(a); and then citing *City of*

*Chicago v. Fulton*, 141 S. Ct. 585, 588–90 (2021)). A bankruptcy court may grant relief from the automatic stay "for cause" "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 362(d).

On September 16, 2021, after briefing and a hearing, (Bankr. Dkt. No. 143), the Bankruptcy Court unreservedly granted Appellee Stephanie Hon's motion for relief from the automatic stay. (Case No. 21-cv-1247, Dkt. No. 1, at 13.) "[T]he adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case . . . [that] yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Ritzen*, 140 S. Ct. at 586. The Court therefore has jurisdiction over the appeal of that final order. *Ritzen*, 140 S. Ct. at 586–87; *Bullard*, 575 U.S. at 501–02; *see also Caires*, 624 B.R. at 327.

### 2. The Order of the Bankruptcy Court Denying Appellant's Motion to Remove the Chapter 7 Trustee

Appellant appeals the order of the Bankruptcy Court denying his motion to remove the Chapter 7 trustee. (Dkt. No. 1.) Appellee U.S. Trustee contends that the order of the Bankruptcy Court denying Appellant's motion to remove the Chapter 7 trustee is not final because, "like the order denying a motion to confirm a repayment plan at issue in *Bullard*, [] an order denying a motion to remove a bankruptcy trustee does not alter the status quo, and the issue may be later revisited." (Dkt. No. 37, at 35.) Appellee U.S. Trustee buttresses this position by contending that "[a]ll of Mr. Regan's rights as a chapter 7 debtor, including his rights to continue litigating discrete matters . . . and his various appeals to this and other courts, are preserved while the trustee . . . remains in his current position." (*Id.*) Finally, Appellee U.S. Trustee points out that, "[t]hough the estate has been fully administered, no final decree has issued in the bankruptcy case under 11 U.S.C. § 350(a)" due to an ongoing adversary proceeding in the Bankruptcy Court,

11

(Dkt. No. 37, at 35), and that the order of the Bankruptcy Court will merge into the final decree and become appealable once the Bankruptcy Court issues a final decree. (*Id.*)

The Court agrees. Though the Second Circuit has not decided whether a bankruptcy court order denying removal of a trustee is a final, immediately appealable order, Appellee U.S. Trustee points to a Ninth Circuit decision on the issue. *See SS Farms, LLC v. Sharpe (In re SK Foods, L.P.)*, 676 F.3d 798 (9th Cir. 2012). *SS Farms* predates *Bullard* and *Ritzen*, but the analysis is nevertheless instructive.

In *SS Farms*, the Ninth Circuit reasoned that a "bankruptcy court's order denying removal of the trustee is not final [because] [i]t neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time." 676 F.3d at 802. This position is in accord with the rulings of *Bullard* and *Ritzen*. First, the holding of *SS Farms* correctly suggests that the immediately appealable proceeding from which an order denying removal of a trustee arises must not be analogous to the proceeding defined in *Ritzen*. *See* 140 S. Ct. at 589 (defining the immediately appealable proceeding as the stay-relief adjudication). To define the immediately appealable proceeding from which an order denying removal of a trustee arises as the adjudication of the motion for removal would allow a movant to "bring the litigation to a never-ending standstill" "every time he tried unsuccessfully to remove a trustee." *SS Farms*, 676 F.3d at 802. Rather, the immediately appealable proceeding from which an order denying removal of a trustee arises is the administration of the estate by the appointed trustee, which is akin to the proceeding defined in *Bullard*. *See* 575 U.S. at 502 (defining the immediately appealable proceeding as "the process of attempting to arrive at an approved repayment plan that would allow the bankruptcy to move forward"). As with the order rejecting a repayment plan in *Bullard*, an order denying removal of

the trustee does not "alter[] the status quo and fix[] the rights and obligations of the parties." *See Bullard*, 575 U.S. at 502. It changes nothing about the underlying proceedings. *See id.* at 503. Nor does such an order arise "anterior to" other bankruptcy proceedings, "le[aving] nothing more for the Bankruptcy Court to do." *See Ritzen*, 140 S. Ct. at 589, 592. In fact, it does just the opposite by allowing the trustee, under the supervision of the bankruptcy court, to continue to administer the estate as has been the status quo throughout the entire pendency of the bankruptcy proceeding. And the trustee could be removed at any later point in time. *See SS Farms,* 676 F.3d at 802. Because, defining the immediately appealable proceeding as the administration of the estate by the appointed trustee, an order of a bankruptcy court denying removal of the trustee does not terminate the proceeding from which the order arises,[4] such an order is not final and immediately appealable. The Court does not have jurisdiction under 28 U.S.C. § 158(a)(1) to entertain this appeal.

### 3. The Order of the Bankruptcy Court Denying Appellant's Motion for a Stay of Bankruptcy Proceedings

Appellant appeals the order of the Bankruptcy Court denying Appellant's motion for a stay of bankruptcy proceedings pending resolution of appeals before this Court and the Second Circuit. (Case No. 22-cv-0191, Dkt. No. 1.) The Bankruptcy Court construed Appellant's motion underlying this appeal as a motion pursuant to Federal Rule of Bankruptcy Procedure 8007. (*Id.* at 4–5.)

A Rule 8007 stay is "extraordinary relief" and "the burden on the movant . . . is a 'heavy' one" that requires the satisfaction of a conjunctive four-factor test. *Sabine Oil & Gas Corp. v.*

---

[4] Though the Chapter 7 trustee filed a "Report of No Distribution" indicating that the estate had been fully administered and "request[ed] . . . discharge[] from any further duties as trustee," (Dkt. No. 9, at 13), the Bankruptcy Court has neither issued a final decree nor closed the case, s*ee* 11 U.S.C. § 350(a), in light of the ongoing adversary proceeding, *Henry Hon and Michele Domres-Hon v. Walter Joseph Regan*, Adv. Proc. 19-50006 (Bankr. N.D.N.Y.).

*HPIP Gonzales Holdings (In re Sabine Oil & Gas Corp.)*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016) (quoting *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009)); *see also Hirschfield v. Bd. Of Elections in the City of New York*, 984 F.2d 35, 39 (2d Cir. 1992). Having previously reviewed and rejected Appellant's request for a Rule 8007 stay upon Appellant's filing of an "Emergency Motion for Stays" with the Court, *Regan*, 2022 WL 1775713, at *3–5, 2022 U.S. Dist. LEXIS 97249, at *7–11, the Court need go no further. This appeal is dismissed.

### 4. The Orders of the Bankruptcy Court Denying Appellant's Motions for Certification of Direct Appeal to the Second Circuit

Appellant appeals the orders of the Bankruptcy Court denying Appellant's motions for certification of direct appeal to the Second Circuit of orders of the Bankruptcy Court denying Appellant's motion to remove the Chapter 7 trustee, (Case No. 21-cv-1238, Dkt. No. 1), and granting Appellee Stephanie Hon's motion to lift the automatic stay, (Case No. 21-cv-1246, Dkt. No. 2). Having previously reviewed and rejected Appellant's requests for certification of direct appeal to the Second Circuit submitted to the Court, (Dkt. No. 13, at 11–12), the Court need go no further. These appeals are dismissed.

### C. Jurisdiction over Interlocutory Appeals

District courts also have jurisdiction to hear appeals "from other interlocutory orders and decrees" in bankruptcy cases and proceedings. 28 U.S.C. § 158(a)(3). Neither § 158 nor the Federal Rules of Bankruptcy Procedure describe the circumstances under which a court should grant leave to appeal, but courts look to the analogous standard for certifying an interlocutory appeal to a court of appeals from a district court order set forth in 28 U.S.C. § 1292 for guidance. *See, e.g., Concrete Cap.*, 566 B.R. at 339; *Futter v. Duffy ex rel. Futter Lumber Corp. Liquidation Tr. (In re Futter Lumber Corp.)*, 473 B.R. 20, 26–27 (E.D.N.Y. 2012). Thus, district courts have jurisdiction to hear appeals from interlocutory orders and decrees in bankruptcy

14

cases and proceedings provided that "such order[s] involve[] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Granting such an appeal is disfavored and is a "rare exception to the final judgment rule." *Concrete Cap.*, 566 B.R. at 339 (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).

Appellant does not suggest he is requesting leave to appeal interlocutory orders under 28 U.S.C. § 158(a)(3). (Dkt. No. 1, 9, 35; Case No. 22-cv-0191, Dkt. Nos. 1, 4; Case No. 21-cv-1247, Dkt. Nos. 1, 7; Case No. 21-cv-1238, Dkt. Nos. 1, 5; Case No. 21-cv-1246, Dkt. Nos. 2, 6.) However, even construing Appellant's letter-brief and appellate filings liberally as requests for leave to file interlocutory appeals, the Court lacks jurisdiction to hear the lone remaining appeal of the order of the Bankruptcy Court denying removal of the trustee.

Appellant previously requested that the Court certify direct appeals to the Second Circuit of four of the five issues on appeal presently, and the Court denied Appellant's request.[5] (Dkt. No. 13, at 11–12.) The Court noted that a district court may certify direct appeal of a decision of a bankruptcy court to a court of appeals where "(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision . . . or involves a matter of public importance; (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or (iii) an immediate appeal from the judgment, order, or decree may

---

[5] Those issues involved appointment of counsel for appeals of orders of the Bankruptcy Court denying Appellant's motion to remove the Chapter 7 trustee, (Dkt. No. 1), and granting Appellee Stephanie Hon's motion to lift the automatic stay, (Case No. 21-cv-1247, Dkt. No. 1), as well as appointment of counsel for appeals of orders of the Bankruptcy Court denying Appellant's motions for certification of direct appeal to the Second Circuit of orders of the Bankruptcy Court denying Appellant's motion to remove the Chapter 7 trustee, (Case No. 21-cv-1238, Dkt. No. 1), and granting Appellee Stephanie Hon's motion to lift the automatic stay, (Case No. 21-cv-1246, Dkt. No. 2). (Dkt. No. 13, at 11–12.)

materially advance the progress of the case." (*Id.* (quoting 28 U.S.C. § 158(d)(2)(A)(i)–(iii)).) These conditions are the same as those considered under § 158(a)(3), with the distinction that an analysis under § 158(a)(3) requires satisfaction of all conditions, while analysis under § 158(d)(2)(A) requires that only one of the three conditions be met. Under a § 158(d)(2)(A) analysis, the Court found none of the conditions were met. (Dkt. No. 13, at 12.) "Removal of a trustee[] . . . [involves] questions of law with controlling precedent[] that do not require resolution of conflicting decisions." (*Id.*) Furthermore, "Appellant's Chapter 7 bankruptcy proceeding involves routine legal questions and impacts only himself and other involved parties and is thus not a matter of public importance." (Dkt. No. 13, at 12.) And since, pending resolution of an adversary proceeding, Appellant's Chapter 7 bankruptcy proceeding is a "fully administered case where there [are] no assets to be distributed and [there is] no further action to be taken," hearing the appeals would not materially advance the ultimate termination of the litigation. (*Id.*)

Any one of Appellant's three failures to satisfy a condition of § 158(a)(3) is sufficient to deny leave to appeal. *See Futter*, 473 B.R. at 29. Since Appellant has failed to establish the presence of any of the conditions required for granting leave to file an interlocutory appeal of the order of the Bankruptcy Court denying removal of the trustee, the Court declines to grant leave to appeal under 28 U.S.C. § 158(a)(3).

### D. The Order of the Bankruptcy Court Granting Appellee Stephanie Hon's Motion to Lift the Automatic Stay

The Court has jurisdiction over the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay and now considers the merits of that appeal.

District courts ordinarily apply a de novo standard of review to a bankruptcy court's conclusions of law, *see Krakowski v. Am. Airlines (In re AMR Corp.)*, 610 B.R. 434, 444

(S.D.N.Y. 2019), and review a bankruptcy court's factual findings for "clear error," which exists only when, "although there is evidence to support a finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," *Straight Line, L.L.C. v. Madigan*, 607 B.R. 370, 373 (N.D.N.Y. 2019) (quoting *Glossip v. Gross*, 576 U.S. 863, 958 (2015) (Sotomayor, J., dissenting)). However, adjudication of automatic stay relief is reviewed for abuse of discretion. *See, e.g., Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999); *Cap. Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 47 (2d Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998); *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 507 (E.D.N.Y. 2018). "A bankruptcy court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Combined Res. Interior, Inc. v. Frankl (In re Frankl)*, 620 B.R. 220, 224 (S.D.N.Y. 2020) (quoting *Fletcher v. Ball (In re Soundview Elite Ltd.)*, 646 F. App'x 1, 1 (2d Cir. 2016) (summary order)).

   Appellant's primary position with regard to the order of the Bankruptcy Court granting the motion to lift the automatic stay is that he believed his filing of notices of appeal, (Dkt. No. 1; Case No. 22-cv-0191, Dkt. No. 1; Case No. 21-cv-1247, Dkt. No. 1; Case No. 21-cv-1238, Dkt. No. 1; Case No. 21-cv-1246, Dkt. No. 2), would result in an automatic stay of proceedings in the Bankruptcy Court. (Case No. 21-cv-1247, Dkt. No. 1, at 1.) Appellant seemingly confuses the automatic stay of proceedings outside of the Bankruptcy Court during the pendency of his bankruptcy proceedings under 11 U.S.C. § 362 with a permissive stay of bankruptcy proceedings pending appeal under Federal Rule of Bankruptcy 8007. In any case, the Court will review the

order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay for abuse of discretion. *See Osuji*, 589 B.R. at 507.

A movant for relief from the automatic stay in a bankruptcy court proceeding is required "to make an initial showing of 'cause' for relief from the stay." *Mazzeo*, 167 F.3d at 142 (citing *Sonnax*, 907 F.2d at 1285). A number of factors are relevant in determining whether cause to lift the automatic stay exists. *See id.* at 142–43 (citing *Sonnax*, 907 F.2d at 1286). "Not all of the[] [*Sonnax*] factors will be relevant in every case," *id.* at 143, and "a court need not consider each factor in every case or give each factor the same weight," *Boissard v. Specialized Loan Serv., LLC*, No. 19-cv-4280, 2020 WL 9816005, at *5, 2020 U.S. Dist. LEXIS 255490, at *12 (E.D.N.Y. Nov. 24, 2020) (quoting *Musso v. Hirsch*, Nos. 08-cv-4735, 08-cv-4532, 2011 WL 4543225, at *6, 2011 U.S. Dist. LEXIS 111561, at *19 (E.D.N.Y. Sept. 29, 2011)). If, through examination of the *Sonnax* factors, a movant has demonstrated cause to lift the automatic stay, the burden shifts to the non-movant to disprove that cause exists. *Mazzeo*, 167 F.3d at 142.

In its order granting Appellee Stephanie Hon's motion to lift the automatic stay, the Bankruptcy Court correctly noted that the burden was on the movant, Appellee Stephanie Hon, to establish cause to lift the automatic stay. (Case No. 21-cv-1247, Dkt. No. 1, at 6.) The Bankruptcy Court then exhaustively examined the *Sonnax* factors and established that ten of the twelve factors weighed in favor of automatic stay relief and that the Movant had satisfied her burden. (Case No. 21-cv-1247, Dkt. No. 1, at 7–13.) The Bankruptcy Court then summarily noted that "Debtor has not established he is entitled to continued stay protections or otherwise disproven the existence of cause." (Case No. 21-cv-1247, Dkt. No. 1, at 13.) Upon review of Appellant's "Petition For Redress Of Grievances And Objection to Motion for Relief of Stay," (Bankr. Dkt. No. 112-1), the Court agrees.

Having found no erroneous views of the law or clearly erroneous assessments of the evidence in the Bankruptcy Court's analysis, the Court finds no abuse of discretion in the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay. Accordingly, the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay is affirmed.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the order of the Bankruptcy Court granting Appellee Stephanie Hon's motion to lift the automatic stay in Case No. 21-cv-1247 is **AFFIRMED**; and it is further

**ORDERED** that Debtor-Appellant's remaining appeals in Case Nos. 21-cv-1231, 21-cv-1238, 21-cv-1246 and 22-cv-0191 are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: November 7, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge